**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE AMILCAR RIVAS RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-496 <br><br> Agency No. <br> A206-510-395 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2023[**]
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and KENNELLY, District Judge.[***]

Jose Amilcar Rivas Ramirez ("Rivas"), a native and citizen of El Salvador,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

petitions for review of a Bureau of Immigration Appeals ("BIA") decision affirming the order of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA decision under 8 U.S.C. § 1252.

"We review questions of law, such as whether a proposed particular social group is cognizable for purposes of withholding of removal, de novo." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2021). We review findings of fact for substantial evidence and uphold the agency's decision "unless the evidence compels a contrary result." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (simplified). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We deny the petition.

1. Regarding his asylum and withholding claims, Rivas argues that the BIA erred by concluding that his proposed particular social group is not cognizable. "It is now well-established that an applicant seeking relief based on membership in a particular social group must establish that the group is: (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1077 (9th Cir. 2020) (simplified).

Rivas contends that he belongs to the particular social group of "witnesses to criminal gang activity." Although Rivas asserted that he witnessed gang members murder someone, he did not testify against them in open court; nor did he even take the overt step of reporting the murder to the police. The BIA concluded that the proposed group lacks particularity and social distinction and is thus not cognizable.[1]

Substantial evidence supports the BIA's conclusion that Rivas's proposed group is overbroad and lacks sufficient boundaries. To satisfy the particularity standard, "the social group must be defined by characteristics that provide a clear benchmark for determining who falls within the group, such that the group possesses 'discrete and . . . definable boundaries.'" *Diaz-Reynoso*, 968 F.3d at 1077 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 239 (BIA 2014)). As the BIA reasoned, the term "witness" might "extend[] to persons who see only a portion of a crime being committed, or only hear certain aspects of criminal activity, or who see part or all of the commission of a crime, but cannot identify the perpetrators." And for Rivas, the group cannot be narrowed to those witnesses who testified because he did

---

[1] Before us, Rivas argues for the first time that he belongs to the group of "[m]en in their early 20's [*sic*] fitting the gang recruitment demographic, who refused violent recruitment methods to join a street gang, and reported the violence, threats and recruitment efforts to the local police, and received no help from the police." As the government notes, Rivas failed to raise this proposed group to the agency. We thus decline to review this unexhausted claim. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *see Aguilar-Osorio v. Garland*, 991 F.3d 997, 1000 n.2 (9th Cir. 2021).

not testify or even report the crime to the police. *Cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (considering the particularity of the particular social group of "people who testified against gang members"). The BIA also reasoned that the "criminal gang activity" language did not clearly delineate between serious and non-serious crimes. The record does not compel a contrary conclusion. Accordingly, "the proposed group is not discrete and lacks definable boundaries" because it "encompasses anyone in [the country] who is a potential witness to anything that can be characterized as crime committed by a gang member." *Aguilar-Osorio*, 991 F.3d at 999 (simplified).

Because substantial evidence supports the BIA's particularity determination, we need not reach the proposed social group's distinctiveness.

2. Rivas also challenges the denial of CAT protection. The BIA noted that Rivas made no argument on appeal from the IJ as to his claim for CAT relief and determined the claim waived. We decline to consider the unexhausted claim. *Umana-Escobar*, 69 F.4th at 550.

**PETITION DENIED.**